UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA                COMPLAINT
FOR THE USE AND BENEFIT OF
DME CONSTRUCTION ASSOCIATES INC.,       Case No.

        Plaintiff,

        -against-

U.W. MARX, INC., and
LIBERTY MUTUAL INSURANCE COMPANY,

        Defendants.
-----------------------------------------------------------X

Plaintiff, DME Construction Associates, Inc. LLC, by and through its attorneys, Rabinowitz & Galina, Esqs., complaining of the Defendants alleges as follows:

## JURISDICTION AND VENUE

1. At all times material herein, Plaintiff, DME Construction Associates Inc. ("DME"), was and remains a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business located at Old Field Road, Old Field, New York.

2. Upon information and belief, at all times material herein, Defendant, U.W. Marx, Inc. ("Marx"), was and remains a domestic corporation and/or a foreign corporation authorized to do business within the State of New York with its principal place of business located at 20 Gurley Avenue, Troy, New York 12182.

3. Upon information and belief, at all times material herein, Defendant, Liberty Mutual Insurance Company ("Liberty") as and remains a foreign corporation duly organized and existing pursuant to the laws of the State of Massachusetts with a principle place of business located at 175 Berkeley Street, Boston, Mass. 02116.

4. Upon information and belief, at all times material herein, Liberty was and remains authorized by the United State and the State of New York Department of Insurance to issue surety bonds within the State of New York.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.s.C. Sections 1331, 1352 and 1367 and 40 U.S.C. Section 3131 and 3133 (the Miller Act), 18 U.S.C. Sections 1391 (b) and 40 U.S.C. Section 3133 (b)(3)(B).

## FACTUAL BACKGROUND

6. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 5 above as if more fully set forth herein.

7. Upon information and belief, on or about July 19, 2011, Marx entered into a written agreement with the United States of America, Brookhaven National Laboratory (United States Department of Energy), designated as Contract No. 180576, wherein and whereby Marx agreed to furnish labor, services and materials necessary for the public improvement known as Alterations to the Brookhaven National Laboratory (the "Project").

8. Upon information and belief, on or about July 16, 2011, Marx (hereinafter collectively referred to as "Principal"), as principals and Liberty, as surety, executed a payment bond (the "Bond" a copy appended hereto as Exhibit "A"), pursuant to the provisions of the Miller Act, whereby Principal and Liberty bound themselves jointly and severally in the sum of $33,079,875.00 to assure the payment by Principal of the claims of all person supplying labor and materials at the Project.

9. Upon information and belief, the Bond was accepted by the United States of America.

10. After entering into its contract with the United States of America, Marx entered into a Subcontract with DME that required DME to perform certain roofing and exterior work to the Project.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 11 above as if more fully set forth herein.

12. After entering into its contract with the United States of America, Marx entered into a Subcontract with DME that required DME to supply certain labor and materials for roofing and exterior work to the Project.

13. Over the course of the Project, DME did supply certain labor and materials to the project.

14. To date, a balance, no less than the sum of $162,000.00, remains due and owing to DME from Marx.

15. MDE provided all of the labor and materials as required and has satisfied all of the terms and conditions of its agreement to supply the labor and materials to the Project.

16. Within ninety days from the date on which DME last provided labor and materials to the Project, DME provided written notice to Principal and Liberty of the monies due and owing on the Project.

17. All of the labor and materials furnished by DME to Marx were furnished within the Eastern District of New York.

18. DME furnished the last of its labor and materials on the Project within one (1) year of the filing of this Complaint.

19. All conditions precedent required by law or by the terms of the Bond have occurred or have been complied with so that this action may be commenced.

20. By reason of Marx's failure to pay DME in accordance with its agreement, and by reason of the Miller Act, the Bond, the agreement(s) between DME and Marx, the agreement(s) between Marx and the United States, and the Bond with Principal, as principal, and Liberty, as surety; the Principal and Liberty have become jointly and severally liable to DME in a sum not less than $162,000.00, interest, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 above as if more fully set forth herein.

22. The Agreement(s) entered into between Marx and DME required Marx to pay DME for the labor and materials that DME provided to the Project.

23. Marx failed to pay DME in full for the labor and materials provided.

24. Marx's failure to pay DME constitutes a breach of the agreement(s) entered into between Marx and DME.

25. By reason of the foregoing, Marx is liable to DME for breach of contract in a sum not less than $162,000.00, interest costs and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above as if more fully set forth herein.

27. That during the course of furnishing the equipment and labor to Marx, DME did send invoices and statements of account to Marx on a regular and timely basis.

28. That upon information and belief, Marx reviewed each periodic invoice and accepted and retained said invoices and statements without objection.

29. That the invoices and statements constituted an *account stated* to which Marx did not object.

30. That the invoices and statements showed a balance due and owing from Marx to DME in a sum not less than $162,000.00.

31. By reason of the foregoing, Marx is liable to DME for account stated in a sum not less than $162,000.00, interest, costs and attorney's fees.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1. On the first cause of action against Defendant Principal and Liberty on the Miller Act Bond in a sum not less than $162,000.00, interest, costs and attorney's fees.

2. On the second cause of action against Defendant Marx for breach of contract in a sum not less than $162,000.00, interest, costs and attorney's fees;

3. On the third cause of action against Defendant Marx for account stated in a sum not less than $162,000.00, interest, costs and attorney's fees.

4. For such other and further relief as to this Court may seem just and proper.

Dated: February 25, 2015
Mineola, New York

                              Rabinowitz and Galina, Esqs.
                              Attorneys for Plaintiff

                              By: Michael M. Rabinowitz, Esq.
                              (MR-5654)
                              94 Willis Avenue
                              Mineola, New York 11501
                              (516) 739-8222

## LIENOR VERIFICATION

STATE OF NEW YORK         )
                          )Ss.:
COUNTY OF SUFFOLK D       )

     DARLENE EDWARDS, being duly sworn, says that deponent is the President of the Plaintiff DME Construction Associates, Inc., and that the deponent has read the foregoing Complaint and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true. The reason why this verification is made by deponent is that deponent is an agent, to wit, the President of Plaintiff and deponent is familiar with facts and circumstances herein.

     The sources of deponent's information and the grounds of deponent's belief as to all matters not herein stated upon deponent's knowledge are as follows: review of the relevant books and records of the limited liability company.

                                                        DARLENE EDWARDS, President

Sworn to before me this
25th day of February, 2015

_____
Notary public

> SHANNON M GLUECKERT
> Notary Public - State of New York
> NO. 01GL6158117
> Qualified in Suffolk County
> My Commission Expires Dec 16, 2018